UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 9977 PSG (Ex) | Date | December 18, 2012 |
|---|---|---|---|
| Title | *Brown, et al. v. McKesson Corp., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Reported | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers): Order to Show Cause why the action should not be remanded to state court**

On November 20, 2012, Defendants Mylan Inc. and Mylan Pharmaceutical, Inc. ("Defendants") removed this action pursuant to 28 U.S.C. § 1441.  *See* Dkt. # 1.  Defendants assert that removal is proper for three reasons: (1) the case is removable as a mass action pursuant to 28 U.S.C. § 1332(d); (2) the court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331; and (3) the court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

The Court recently remanded a related case, *Rentz v. McKesson*, No. CV 12-4399, rejecting arguments for diversity and federal question jurisdiction that were substantially identical to those asserted in the present case.  *See* Rentz Dkt. # 30.  For the reasons stated in more detail in the Court's order remanding *Rentz* ("*Rentz* Order"), the Court concludes that it does not have diversity or federal question jurisdiction over the present case.  *See id.*  The Court does not have diversity jurisdiction because there is not complete diversity between the parties: Defendant McKesson Corporation ("McKesson") is a citizen of California and the named Plaintiffs in the action are also citizens of California.  As such, there is not complete diversity between the parties.  Further, for the reasons discussed in the *Rentz* Order, McKesson was not fraudulently joined and so its citizenship will not be disregarded for purposes of diversity.  *See id.*  The Court also does not have federal question jurisdiction.  Here, Plaintiffs' claims arise under state law, but Defendants argue that the Court has federal question jurisdiction because some of the Defendants have a potential federal defense to the state law claims.  However, "it has been settled law that a case may not be removed to federal court on the basis of a federal defense." *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12 - 9977 PSG (Ex) | Date | December 18, 2012 |
|---|---|---|---|
| Title | *Brown, et al. v. McKesson Corp., et al.* | | |

    The Court is also not persuaded that the present action is removable as a mass action pursuant to 28 U.S.C. § 1332(d).  Defendants argue that the case is removable as a mass action because it is related to several other similar cases alleging claims against many of the same defendants for injuries from the ingestion of propoxyphene-containing pain products.  Plaintiffs in seven of the related cases have filed a Petition for Coordination, though the present case was not included in the Petition.

    In light of the Petition for Coordination, which was filed after this Court remanded *Rentz*, Defendants argue that this action is removable as a mass action.  In support of this argument, Defendants rely on a recent case from the Seventh Circuit, *In re Abbott Labs., Inc.*, No. 12-8020, 2012 WL 4875584 (7th Cir. Oct. 16, 2012).  In *Abbott*, the Seventh Circuit held that plaintiffs' motion to consolidate and transfer in Illinois state court was sufficient to confer federal jurisdiction as a mass action pursuant to 28 U.S.C. § 1332(d), making removal of the action proper.  *Abbott*, 2012 WL 4875584, at *573.  Because the Illinois rule for consolidation is substantially identical to the California rule pursuant to which Plaintiffs in the cases related to the present case moved for consolidation, Defendants argue that the Court should follow the Seventh Circuit and find that federal jurisdiction is proper as a mass action in this case as well.

    However, based on the arguments in Defendants' notice of removal, the Court is not persuaded that the present case is removable as a mass action.  First, the present case is not included in the Petition for Coordination.  *See Not.*, Ex. B at 3-7.  As such, the Court is not persuaded that *Abbott* applies.  Accordingly, Defendants are ordered to show cause why the Court should apply *Abbott* to the present case.

    Further, as a Seventh Circuit case, *Abbott* is not binding on this Court and Defendants have pointed the Court to no Ninth Circuit authority permitting jurisdiction as a mass action based on a Petition for Coordination.  As such, Defendants are ordered to show cause why the Court should follow the Seventh Circuit's ruling in *Abbott*.

    In accordance with the foregoing, Defendants are ordered to show cause in writing no later than **January 14, 2013** why the case should not be remanded for lack of subject matter jurisdiction based on the reasons discussed above.

**IT IS SO ORDERED.**